# UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| TERRANCE ALLEN KING, | Case No. 1:23-cv-00681-BAM (PC) |
| Plaintiff, | ORDER DIRECTING CLERK OF COURT TO RANDOMLY ASSIGN DISTRICT JUDGE TO ACTION |
| v. | |
| ALLISON, *et al.*, | FINDINGS AND RECOMMENDATIONS REGARDING PLAINTIFF'S MOTION FOR PRELIMINARY INJUNCTION AND/OR PROTECTIVE ORDER |
| Defendants. | |
| | (ECF No. 13) |
| | **FOURTEEN (14) DAY DEADLINE** |

Plaintiff Terrance Allen King ("Plaintiff") is a state prisoner proceeding *pro se* and *in forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983. Plaintiff's complaint has not yet been screened.[1]

Currently before the Court is Plaintiff's motion for a preliminary injunction and/or order, filed May 18, 2023. (ECF No. 13.)

**I.  Motion for Preliminary Injunction and/or Protective Order**

In his motion, Plaintiff argues that he has been a victim of excessive force or assault by an officer at CCI Tehachapi, as well as threatened with harm and/or danger in a physical manner by

---

[1] Plaintiff also filed a first amended complaint on May 18, 2023. (ECF No. 11.)

1

certain named defendants in this action. (ECF No. 13.) Plaintiff states that he wishes not to return to CCI Tehachapi once he is released from administrative segregation at High Desert State Prison, where he is currently housed. Plaintiff further contends that he is a mental health patient at the CCCMS level of care, and any return to CCI Tehachapi will have an effect on his mental state and could put him in grave danger. Plaintiff fears that Defendant Mumby will follow through on his threat to personally cause Plaintiff bodily harm or injury if he returns to CCI Tehachapi and that Defendants will provide confidential information about his family members to other inmates. Plaintiff concludes that he will suffer irreparable injury unless the injunction is issued to protect him and/or his family and Defendants will suffer little, if any, harm if the Court grants the injunction. (*Id.*)

## II.     Legal Standard

"A preliminary injunction is an extraordinary remedy never awarded as of right." *Winter v. Nat. Res. Def. Council, Inc.*, 555 U.S. 7, 24 (2008) (citation omitted). "A plaintiff seeking a preliminary injunction must establish that he is likely to succeed on the merits, that he is likely to suffer irreparable harm in the absence of preliminary relief, that the balance of equities tips in his favor, and that an injunction is in the public interest." *Id.* at 20 (citations omitted). An injunction may only be awarded upon a clear showing that the plaintiff is entitled to relief. *Id.* at 22 (citation omitted).

Federal courts are courts of limited jurisdiction and in considering a request for preliminary injunctive relief, the Court is bound by the requirement that as a preliminary matter, it have before it an actual case or controversy. *City of L.A. v. Lyons*, 461 U.S. 95, 102 (1983); *Valley Forge Christian Coll. v. Ams. United for Separation of Church & State, Inc.*, 454 U.S. 464, 471 (1982). If the Court does not have an actual case or controversy before it, it has no power to hear the matter in question. *Id.* Requests for prospective relief are further limited by 18 U.S.C. § 3626(a)(1)(A) of the Prison Litigation Reform Act, which requires that the Court find the "relief [sought] is narrowly drawn, extends no further than necessary to correct the violation of the Federal right, and is the least intrusive means necessary to correct the violation of the Federal right."

Furthermore, the pendency of this action does not give the Court jurisdiction over prison officials in general. *Summers v. Earth Island Inst.*, 555 U.S. 488, 491–93 (2009); *Mayfield v. United States*, 599 F.3d 964, 969 (9th Cir. 2010). The Court's jurisdiction is limited to the parties in this action and to the viable legal claims upon which this action is proceeding. *Summers*, 555 U.S. at 491−93; *Mayfield*, 599 F.3d at 969.

## III. Discussion

Plaintiff has not met the requirements for the injunctive relief he seeks in this motion. The Court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). Plaintiff's complaint, or any portion thereof, is subject to dismissal if it is frivolous or malicious, if it fails to state a claim upon which relief may be granted, or if it seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915A(b)(1), (2); 28 U.S.C. § 1915(e)(2)(B)(ii).

As Plaintiff's complaint and first amended complaint have not yet been screened, the Court cannot find that Plaintiff has shown a likelihood of success on the merits. In addition, no defendant has been ordered served, and no defendant has yet made an appearance. Thus, the Court at this time lacks personal jurisdiction over any staff or employees at Plaintiff's current institution or any other CDCR institution, and it cannot issue an order requiring them to take, or forbid them from taking, any action.

Further, Plaintiff's motion makes no showing that he will suffer irreparable harm in the absence of an injunction, that the balance of equities tips in his favor, or that an injunction is in the public interest.

To the extent Plaintiff believes he is in danger, he has other avenues of relief available to him, including filing a petition for writ of habeas corpus in state court, which Plaintiff indicates he has already done. *E.g.*, *People v. Brewer*, 235 Cal. App. 4th 122, 138, 185 Cal. Rptr. 3d 104, 114 (2015) (a California trial court may grant habeas corpus petitioners prospective relief to redress recurring, persistent deprivations of prisoners' rights at correctional facilities). The issue is not that Plaintiff's allegations are not serious or that he is not entitled to relief if sought in the proper forum. The issue is that this action cannot be used by Plaintiff obtain the relief he seeks.

The seriousness of Plaintiff's allegations concerning feared impending harm cannot and do not overcome what is a jurisdictional bar. *Steel Co. v. Citizens for a Better Environment*, 523 U.S. 83, 103–04 (1998) ("[The] triad of injury in fact, causation, and redressability constitutes the core of Article III's case-or-controversy requirement, and the party invoking federal jurisdiction bears the burden of establishing its existence.")

Finally, even assuming the Court had jurisdiction to enter such an order, prison inmates do not have a constitutional right to be incarcerated at a particular correctional facility (or to be transferred from one facility to another). *Meachum v. Fano*, 427 U.S. 215, 224–25 (1976); *see also Olim v. Wakinekona*, 461 U.S. 238, 244–45 (1983).

Plaintiff's first amended complaint will be screened in due course.

**IV.     Conclusion and Recommendation**

Accordingly, the Court HEREBY ORDERS that the Clerk of the Court randomly assign a District Judge to this action.

Furthermore, it is HEREBY RECOMMENDED that Plaintiff's motion for preliminary injunction and/or protective order, (ECF No. 13), be DENIED.

These Findings and Recommendation will be submitted to the United States District Judge assigned to the case, pursuant to the provisions of Title 28 U.S.C. § 636(b)(l). Within **fourteen (14) days** after being served with these Findings and Recommendation, Plaintiff may file written objections with the court. The document should be captioned "Objections to Magistrate Judge's Findings and Recommendation." Plaintiff is advised that failure to file objections within the specified time may result in the waiver of the "right to challenge the magistrate's factual findings" on appeal. *Wilkerson v. Wheeler*, 772 F.3d 834, 839 (9th Cir. 2014) (citing *Baxter v. Sullivan*, 923 F.2d 1391, 1394 (9th Cir. 1991)).

IT IS SO ORDERED.

Dated:  **May 22, 2023**                    /s/ Barbara A. McAuliffe            _
                                              UNITED STATES MAGISTRATE JUDGE

4