1
2
3
4
5              **UNITED STATES DISTRICT COURT**
6                   EASTERN DISTRICT OF CALIFORNIA
7

8    TERRANCE ALLEN KING,              |   Case No.  1:23-cv-00681-BAM (PC)
9                    Plaintiff,         |   ORDER DENYING MOTION TO APPOINT
10                                      |   COUNSEL
                    v.                  |   (ECF No. 12)
11   ALLISON, *et al.*,                 |
12                   Defendants.         |   ORDER GRANTING MOTION TO AMEND
                                        |   COMPLAINT
13                                      |   (ECF No. 11)

14          Plaintiff Terrance Allen King ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

15   *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  Plaintiff's complaint has

16   not yet been screened.

17          On May 18, 2023, Plaintiff filed a first amended complaint, a motion to appoint counsel,

18   and a motion for preliminary injunction and/or protective order.  (ECF Nos. 11–13.)  Plaintiff

19   filed a declaration in support of the motion to appoint counsel on May 19, 2023.  (ECF No. 14.)

20   The motion for preliminary injunction and/or protective order will be addressed by separate

21   findings and recommendations.  The Court considers the remaining filings below.

22   **I.      Motion to Appoint Counsel**

23          Plaintiff requests appointment of counsel because he is unable to afford counsel, he has

24   been unable to obtain pro bono counsel, his imprisonment and confinement in punitive

25   segregation limits his ability to litigate and investigate his claims, the issues in the case are

26   extremely complex and contain over 20 different legal claims each involving a different set of

27   defendants, and Plaintiff is a mental health patient at the CCCMS level of care.  (ECF Nos 12,

28   14.)  Plaintiff further contends that the case involves issues that may require expert testimony,

                                          1

1  discovery of documents, and depositions of a number of witnesses, and Plaintiff has only a high

2  school education and no legal education.  (ECF No. 14.)

3       Plaintiff does not have a constitutional right to appointed counsel in this action, *Rand v.*

4  *Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on other grounds*, 154 F.3d 952, 954

5  n.1 (9th Cir. 1998), and the court cannot require an attorney to represent plaintiff pursuant to 28

6  U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist. of Iowa*, 490 U.S. 296, 298

7  (1989).  However, in certain exceptional circumstances the court may request the voluntary

8  assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at 1525.

9       Without a reasonable method of securing and compensating counsel, the Court will seek

10  volunteer counsel only in the most serious and exceptional cases.  In determining whether

11  "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

12  the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

13  complexity of the legal issues involved." *Id.* (internal quotation marks and citations omitted).

14       The Court has considered Plaintiff's request, but does not find the required exceptional

15  circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

16  made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

17  This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma*

18  *pauperis* almost daily.  Many of these prisoners also have limited access to witnesses and

19  discovery and are receiving mental health treatment.  These litigants also must conduct legal

20  research and litigate their cases without the assistance of counsel.

21       Furthermore, at this stage in the proceedings, the Court cannot make a determination that

22  Plaintiff is likely to succeed on the merits.  Plaintiff's complaint has not yet been screened to

23  determine whether it states cognizable claims upon which it may proceed, and based on a review

24  of the record in this case, the Court does not find that Plaintiff cannot adequately articulate his

25  claims.

26  **II.    Motion to Amend**

27       Plaintiff has also filed a first amended complaint which appears to add additional claims

28  to the original complaint.  (ECF No. 11.)  Although Plaintiff has not filed a motion requesting

1   leave to file an amended complaint, the Court will construe the filing as a motion to amend the

2   complaint.

3          Under Rule 15(a) of the Federal Rules of Civil Procedure, a party may amend the party's

4   pleading once as a matter of course at any time before a responsive pleading is served.

5   Otherwise, a party may amend only by leave of the court or by written consent of the adverse

6   party, and leave shall be freely given when justice so requires.  Fed. R. Civ. P. 15(a).  "Rule 15(a)

7   is very liberal and leave to amend shall be freely given when justice so requires."

8   *AmerisourceBergen Corp. v. Dialysist West, Inc.*, 465 F.3d 946, 951 (9th Cir. 2006) (citation and

9   quotation omitted).  However, courts "need not grant leave to amend where the amendment:

10   (1) prejudices the opposing party; (2) is sought in bad faith; (3) produces an undue delay in

11   litigation; or (4) is futile."  *Id.*

12          In considering the relevant factors, the Court finds no evidence of prejudice, bad faith,

13   undue delay in litigation, or futility.  Plaintiff's complaint has not yet been screened and no

14   defendants have been served or have appeared in this action.  Accordingly, Plaintiff's motion to

15   amend shall be granted.  The first amended complaint is accepted for filing and will be screened

16   in due course.

17   **III.    Order**

18          Accordingly, IT IS HEREBY ORDERED that:

19   1.  Plaintiff's motion to appoint counsel, (ECF No. 12), is DENIED, without prejudice;

20   2.  Plaintiff's motion to amend, (ECF No. 11), is GRANTED; and

21   3.  Plaintiff's first amended complaint will be screened in due course.

22
23   IT IS SO ORDERED.

24   Dated:   __**May 22, 2023**__                    ___/s/ *Barbara A. McAuliffe*___

25                                                    UNITED STATES MAGISTRATE JUDGE

26

27

28

3