1

2

3

4

5

6

7

8

# UNITED STATES DISTRICT COURT

9 EASTERN DISTRICT OF CALIFORNIA

10

| | |
|---|---|
| 11  TERRANCE ALLEN KING, | Case No.  1:23-cv-00681-JLT-BAM (PC) |
| 12  Plaintiff, | ORDER DENYING MOTION FOR |
| 13  v. | APPOINTMENT OF COUNSEL |
| 14  ALLISON, *et al.*, | (ECF No. 27) |
| 15  Defendants. | |

16

17        Plaintiff Terrance Allen King ("Plaintiff") is a state prisoner proceeding *pro se* and *in*

18 *forma pauperis* in this civil rights action pursuant to 42 U.S.C. § 1983.  This action proceeds on

19 Plaintiff's second amended complaint for Eighth Amendment claims against: (1) Defendant

20 Burns for the painful cuffing and refusal to loosen the cuffs on 1/7/23; (2) Defendants Burns and

21 Mumby for the force used against Plaintiff on 1/7/23 in the rotunda; (3) Defendant Burns for

22 deliberate indifference to medical care on 1/7/23; and (4) Defendants J. Ramirez, G. Sanchez, and

23 C. Patricio for failure to protect on 1/7/23.

24        Currently before the Court is Plaintiff's renewed motion for appointment of counsel, filed

25 December 4, 2023.  (ECF No. 27.)  Defendants have not had the opportunity to file a response,

26 but the Court finds a response unnecessary.  The motion is deemed submitted.  Local Rule 230(l).

27        Plaintiff requests appointment of counsel because he has been transferred from CCI

28 Tehachapi, where the events at issue in this action occurred, to High Desert State Prison,

1

Case 1:23-cv-00681-JLT-BAM   Document 28   Filed 12/05/23   Page 2 of 3

1    approximately 600 miles away.  (ECF No. 27.)  Plaintiff states that his transfer, in addition to his

2    current placement in punitive segregation, greatly limits his ability to conduct an investigation,

3    interview witnesses, or access the law library.  Plaintiff cannot afford to hire an attorney, and the

4    issues in this case will likely involve conflicting testimony and complex issues.  (*Id.*)

5          As Plaintiff was previously informed, he does not have a constitutional right to appointed

6    counsel in this action, *Rand v. Rowland*, 113 F.3d 1520, 1525 (9th Cir. 1997), *rev'd in part on*

7    *other grounds*, 154 F.3d 952, 954 n.1 (9th Cir. 1998), and the court cannot require an attorney to

8    represent plaintiff pursuant to 28 U.S.C. § 1915(e)(1).  *Mallard v. U.S. Dist. Court for the S. Dist.*

9    *of Iowa*, 490 U.S. 296, 298 (1989).  However, in certain exceptional circumstances the court may

10   request the voluntary assistance of counsel pursuant to section 1915(e)(1).  *Rand*, 113 F.3d at

11   1525.

12         Without a reasonable method of securing and compensating counsel, the Court will seek

13   volunteer counsel only in the most serious and exceptional cases.  In determining whether

14   "exceptional circumstances exist, a district court must evaluate both the likelihood of success on

15   the merits [and] the ability of the [plaintiff] to articulate his claims pro se in light of the

16   complexity of the legal issues involved."  *Id.* (internal quotation marks and citations omitted).

17         The Court has considered Plaintiff's request, but does not find the required exceptional

18   circumstances.  Even if it is assumed that Plaintiff is not well versed in the law and that he has

19   made serious allegations which, if proved, would entitle him to relief, his case is not exceptional.

20   This Court is faced with similar cases filed by prisoners who are proceeding *pro se* and *in forma*

21   *pauperis* almost daily.  Many of these prisoners also have limited access to witnesses and

22   discovery after being transferred to other institutions or placed in administrative or punitive

23   segregation.  These litigants also must conduct legal research and litigate their cases without the

24   assistance of counsel.

25         Furthermore, at this stage in the proceedings, the Court cannot make a determination that

26   Plaintiff is likely to succeed on the merits.  Although the Court has found that Plaintiff may

27   proceed on cognizable claims, this does not mean that Plaintiff is likely to ultimately succeed on

28   the merits of those claims.  Finally, based on a review of the record in this case, the Court does

2

1    not find that Plaintiff cannot adequately articulate his claims.

2         Accordingly, Plaintiff's renewed motion for appointment of counsel, (ECF No. 27), is

3    HEREBY DENIED, without prejudice.

4

5    IT IS SO ORDERED.

6       Dated:    **December 5, 2023**              /s/ *Barbara A. McAuliffe*          _

7                                              UNITED STATES MAGISTRATE JUDGE

8

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28